# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VALLIER WILLIAM TOMPKINS, III,

    Petitioner,

vs.

WARDEN BACA, et al.,

    Respondents.

Case No. 3:13-cv-00535-RCJ-WGC

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action for lack of exhaustion of the available state-court remedies.

    Pursuant to a guilty plea, petitioner was convicted in state district court of three counts of sexual assault. The judgment of conviction was entered on October 25, 2012. Petitioner did not appeal. Petitioner did file in the state district court a post-conviction habeas corpus petition on July 11, 2013. Based upon the allegations in the petition, the attached exhibits, and this court's perusal of the docket of the Second Judicial District Court of the State of Nevada in State v. Tompkins, CR12-1201,[1] the petition still is pending in the state district court.

---

[1] http://www.washoecourts.com (report generated May 29, 2014).

1    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must
2 exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a
3 petitioner must fairly present that ground to the state's highest court, describing the operative facts
4 and legal theory, and give that court the opportunity to address and resolve the ground. See <u>Duncan
5 v. Henry</u>, 513 U.S. 364, 365 (1995) (<u>per curiam</u>); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).
6    It appears that the petition is completely unexhausted. Petitioner did not appeal the
7 judgment of conviction, and the state habeas corpus petition still is pending in the state district
8 court. Consequently, the Nevada Supreme Court has not yet had the opportunity to address and
9 resolve petitioner's grounds for relief.
10    Petitioner has submitted a motion for appointment of counsel. Whenever the court
11 determines that the interests of justice so require, counsel may be appointed to any financially
12 eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district
13 court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
14 articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved." <u>Weygandt v.
15 Look</u>, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas
16 proceedings. <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991). The factors to consider are not
17 separate from the underlying claims, but are intrinsically enmeshed with them. <u>Weygandt</u>, 718 F.2d
18 at 954. At the moment, petitioner has no chance of success on the merits, because the petition
19 appears to be completely unexhausted. The court will deny the motion. If petitioner can show
20 cause why the court should not dismiss the action, then the court might entertain a renewed motion
21 for appointment of counsel.
22    IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is
23 **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).
24    IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of
25 habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.
26    IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.
27
28

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as unexhausted. Failure to comply with this order will result in the dismissal of this action.

Dated:   June 6, 2014

                                             ROBERT C. JONES
                                             United States District Judge